[J-74A-2021 and J-74B-2021] [MO: Donohue, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| IN RE: ADOPTION OF: L.A.K. | : | No. 14 WAP 2021 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF: C.K. | : | Superior Court entered March 26, |
| | : | 2021 at No. 962 WDA 2020, |
| | : | reversing the Order of the Court of |
| | : | Common Pleas of Westmoreland |
| | : | County entered August 27, 2020 at |
| | : | No. 113 of 2019, and remanding. |
| | : | |
| | : | ARGUED: October 27, 2021 |
| | | |
| IN RE: ADOPTION OF: A.L.K. | : | No. 15 WAP 2021 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF:C.K. | : | Superior Court entered March 26, |
| | : | 2021 at No. 963 WDA 2020, |
| | : | reversing the Order of the Court of |
| | : | Common Pleas of Westmoreland |
| | : | County  entered August 27, 2020 at |
| | : | No. 114 of 2019, and remanding. |
| | : | |
| | : | ARGUED: October 27, 2021 |

## DISSENTING OPINION

**CHIEF JUSTICE BAER**                    **DECIDED: DECEMBER 23, 2021**

Although the majority opinion is erudite and thoughtful, I respectfully dissent as I conclude that the undisputed facts of this case meet the statutory criteria for termination under Section 2511(a)(1) of the Adoption Act, 23 Pa.C.S. § 2511(a)(1), and the established precedent of this Court.

Section 2511(a)(1) instructs that parental rights "may be terminated" where "[t]he parent by conduct continuing for a period of at least six months immediately preceding

the filing of the petition . . . has refused or failed to perform parental duties." 23 Pa.C.S. § 2511(a)(1). While the term "parental duties" is not statutorily defined, this Court has interpreted the term, at a minimum, to entail a "positive duty," requiring the parent to "exert himself to take and maintain a place of importance in the child's life." *In re Adoption of C.M.*, 255 A.3d 343, 364 (Pa. 2021). Moreover, to satisfy this parental duty, "a parent must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship." *Id.* (internal quotation marks omitted).

With all due respect to my colleagues and the trial court, the facts of this case do not allow for reasonable disagreement but instead establish by the requisite clear and convincing evidence that C.K. ("Father") "failed to perform parental duties" for "at least six months immediately preceding the filing of the petition," and that Father failed to demonstrate "reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship." 23 Pa.C.S. § 2511(a)(1); *In re Adoption of C.M.*, 255 A.3d at 364. Indeed, in this case, Father did nothing to establish or maintain a parent-child relationship with his children, L.A.K. and A.L.K. ("Children").

The undisputed facts instead demonstrate that Father made the deliberate decision to have no relationship at all with Children during his prolonged struggle with alcoholism. He never saw or spoke to the children, nor did he send them letters, cards, or presents. In short, he never sent them any signal that he was alive.

This is not a case where Father was unable to contact Children. He was not in a comatose state nor had A.G. ("Mother") secreted the children to an undisclosed location. Instead, he merely chose to delay contacting them until he felt it was the right time, based upon his self-designated one-year period of sobriety. While Father deserves commendation for his substantial efforts to overcome his alcoholism, that effort does not excuse an absolute lack of engagement with Children for nearly four years of their young

lives.  This Court has previously emphasized that children's lives cannot merely be put on hold for years at a time.  *See In re T.S.M.*, 71 A.3d 251, 269 (Pa. 2013) (emphasizing that "courts must keep the ticking clock of childhood ever in mind").

A parent cannot be deemed to have performed parental duties by purposefully and affirmatively absenting himself from their lives, even if, as in this case, the other parent supports the lack of contact.  Taken to the extreme, Father's theory could be expanded to encompass any parent who, based solely upon their own personal views of the impact of their emotional, medical, or even professional situation on their children, intentionally removes themselves from their children's lives.  As this Court recently opined, "[p]arental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs."  *In re Adoption of C.M.*, 255 A.3d at 364 (citation omitted).  Instead, a parent must take overt steps to establish or maintain the parent-child relationship.

While I have long-championed appellate court deference to trial court discretion in termination cases based upon the trial courts' first-hand observation of the parties, *see, e.g., In re T.S.M.*, 71 A.3d at 267, I nevertheless recognize that this Court should not countenance a trial court's determination that is manifestly unreasonable.  While our standard of review requires appellate courts "to accept the findings of fact and credibility determinations of the trial court if they are supported by the record," a trial court's decision nonetheless may be reversed "upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will."  *Id. at 267,* 270 (holding that "we must reverse the trial court's determination in this case because we find the court's conclusion to be manifestly unreasonable, and thus an abuse of discretion").

For the reasons set forth above, I conclude that the denial of termination of parental rights in this case was manifestly unreasonable based upon Father's absolute and

deliberate decision to withhold all contact with Children for nearly four years, well in excess of the six-month period for demonstrating parental abandonment under Section 2511(a)(1) of the Adoption Act. In my view, it is beyond cavil that a parent who intentionally removes himself from his children for years at a time fails to meet the minimum standards for reasonable firmness necessary to maintain a parent-child relationship.

Justice Mundy joins this dissenting opinion.